**SHI HAO CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Respondent.**[1]

**No. 08–0873–ag.**

United States Court of Appeals, Second Circuit.

March 13, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

**326**

Oleh R. Tustaniwsky, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director; Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Shi Hao Chen, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA denying his motion to reopen. *In re Shi Hao Chen a.k.a. Ci Hao Chen a.k.a. Chen Ci Hao,* No. A74 854 956 (B.I.A. Jan. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006).

We conclude that Chen failed to demonstrate "changed [country] circumstances" such as to permit consideration of his otherwise time-barred motion to reopen. 8 C.F.R. § 1003.2(c)(3)(ii). Much of the evidence he adduced, such as his newly commenced participation in the China Democracy Party, represents changes in personal circumstances that do not qualify Chen for this exception. *See Li Yong Zheng v. United States Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). The BIA's rejection of other evidence purportedly showing increased mistreatment of political dissidents was supported by substantial evidence, *see Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir.2008), where the evidence submitted failed to show that the purported change applied to alleged dissidents, like Chen, whose political activities occurred in the United States. Although Chen contends that the BIA "did not explicitly consider all of the evidence"

he submitted, Petitioner's Br. at 10, it is settled that the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted).

■ Chen's argument regarding his eligibility to file a successive-asylum application based on changed personal circumstances is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008), in which we deferred to the BIA's holding that "when a petitioner is subject to a final order of removal, his successive asylum application is subject to the same procedural requirements as a motion to reopen and must therefore allege changed country conditions if it is filed more than ninety days after the entry of the final order," *id.* at 150 (citing *In re C–W–L–,* 24 I. & N. Dec. 346 (B.I.A.2007)).

■ Finally, the Government concedes that the BIA failed to address the CAT component of Chen's motion to reopen. Respondent's Br. at 25 n. 11. That failure, however, does not require remand because "there is no realistic possibility that, absent the error[ ]," the BIA would have reached a different conclusion. *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005). Even assuming Chen could rely upon 8 C.F.R. § 1003.2(c)(3)(ii) belatedly to pursue reopening in order to apply for CAT relief, *see id.* (referring to applications "for asylum or withholding of deportation"), there is no realistic possibility that the BIA would have ruled in Chen's favor on the issue of "changed [country] circumstances," *id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).